**NOT FOR PUBLICATION**

JUL 31 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUSAN J. PEABODY, <br><br>         Plaintiff - Appellant, <br><br>   v. <br><br> TIME WARNER CABLE ENTERPRISES LLC, <br><br>         Defendant - Appellee. | No. 10-56846 <br><br> D.C. No. 2:09-cv-06485-AG-RNB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued July 11, 2012, Resubmitted July 31, 2014
Pasadena, California

Before: TALLMAN and N.R. SMITH, Circuit Judges, and BURGESS, District Judge.[**]

On August 17, 2012, we (1) filed a memorandum disposition affirming the

district court's grant of summary judgment in favor of Time Warner Cable, Inc.

(TWC) on Peabody's claim that TWC retroactively reduced her compensation; and

(2) certified the following question to the California Supreme Court: "To satisfy

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Timothy M. Burgess, District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

California's compensation requirements, whether an employer can average an employee's commission payments over certain pay periods when it is equitable and reasonable for the employer to do so." *Peabody v. Time Warner Cable, Inc.*, 689 F.3d 1134, 1135 (9th Cir. 2012).

On July 14, 2014, the California Supreme Court responded "that an employer satisfies the minimum earnings prong of the commissioned employee exemption only in those periods in which it *actually pays* the required minimum earnings. An employer may not satisfy the prong by reassigning wages from a different pay period." *Peabody v. Time Warner Cable, Inc.*, No. 2S04804, 2014 WL 3397770 at *4, — P.3d — (Cal. July 14, 2014).

Therefore, we **REVERSE** the district court's grant of summary judgment in favor of TWC on the remaining four issues[1] on appeal and **REMAND** for

---

[1]These issues are:

1) whether Peabody qualified for the commissions paid exemption of Section 3(D) of Wage Order 4–2001; 2) whether Peabody was owed additional minimum wage payments under Wage Order 4–2001 4(B); 3) whether Time Warner Cable, Inc. ("TWC") was exempt from providing wage statements under California Labor Code Section 226(a); and 4) whether TWC owes Peabody any late wage payments under California Labor Code Section 203.

*Peabody*, 689 F.3d at 1135.

reconsideration consistent with the foregoing interpretation of California law. Each party shall bear its own costs.